UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALONZO E. STEWART,

    Plaintiff,

  v.                                              Case No. 09-C-0132

MATTHEW J. FRANK, WARDEN KENNETH R. MORGAN,
DAN BUCKLER, JOHN DOE, driver of the van,
and RICK RAEMISCH,

    Defendants.

## DECISION AND ORDER

Plaintiff, Alonzo Stewart, who is incarcerated at Jackson Correctional Institution, filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before me on plaintiff's motion for leave to proceed in forma pauperis and for screening of plaintiff's complaint.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $1.21. I will grant plaintiff's motion for leave to proceed in forma pauperis.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). I may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Id. at 970.

2

To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon plaintiff by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff's complaint arises out of a motor vehicle accident that occurred on January 14, 2002. According to the sworn complaint, plaintiff was injured while a passenger in a prisoner transport van on a return trip from UW Hospital in Madison, Wisconsin, to Racine Correctional Institution. Plaintiff was wearing hand cuffs and leg shackles and was not wearing a seatbelt at the time of the accident. Plaintiff states:

> Due to the negligence of the driver of the prison van that caused the accident the liability for negligence falls on the driver of the prison van who in return works for the Department of Corrections.

(Complaint at 3.) Plaintiff's complaint goes on to extensively detail his injuries and damages, including his medical care.[1] He avers that he has a ruptured disc in his neck and lower back, and pinched nerves.

---

[1] Plaintiff included in his statement of claim an extensive description of his injuries that he avers arose out of the motor vehicle accident. He also detailed the medical care he has received since the accident. These allegations appear to only be in support of plaintiff's claim regarding the van accident itself, as documentation of the severity of plaintiff's injuries, rather than a separate claim; thus, I will not address them as a separate claim. I note that similar allegations also appear in plaintiff's complaint in Stewart v. Raemisch, et al., Case No. 09-cv-0123, which contains different claims than this action. I will address plaintiff's inclusion in that complaint of facts and allegations regarding his injuries and treatment in a separate screening order for that case.

3

It is well-settled that a defendant can not be held liable under § 1983 for negligence. Daniels v. Williams, 474 U.S. 327, 328, 332 (1986). In the present case, the complaint alleges only that the driver of the van was negligent, and that his negligence led to a car accident and plaintiff's injuries. No matter how severe plaintiff's injuries arising out of that accident were, these allegations do not state a claim under § 1983. They may very well state a negligence or other claim under state law, but because plaintiff's purported federal claim has failed at the outset of the case, and the complaint does not establish any independent basis for subject matter jurisdiction, I will decline to exercise supplemental jurisdiction over any state law claims. See Maguire v. Marquette University, 814 F.2d 1213, 1218 (7th Cir. 1987). Therefore, I will dismiss plaintiff's entire action.

## CONCLUSION

**For the foregoing reasons,**

**IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's § 1983 claim is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that plaintiff's state law claims are dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $348.79 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the

4

prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 10 day of June, 2009.

/s_____
LYNN ADELMAN
District Judge